UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
                 :

**ODETTE CYRUS**,

               Plaintiff,

                     **MEMORANDUM DECISION AND ORDER**

      – against –

                     20-CV-6397 (AMD) (TAM)

**LOCKHEED MARTIN CORP**, *et al.*

               Defendants.
-------------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

      The *pro se* plaintiff brings this action against the defendant Lockheed Martin, John Franceshina and Brian Loughlin (the "individual defendants") for alleged violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA"). The individual defendants move to dismiss the plaintiff's claims against them. For the reasons explained below, the defendants' motion is granted.

## BACKGROUND

      On December 3, 2019, the plaintiff filed a complaint with the New York State Division of Human Rights and the United States Equal Employment Opportunity Commission (the "EEOC") against Lockheed Martin, her former employer. (ECF No. 1 at 11.) The plaintiff alleged that the individual defendants, who supervised her when she worked at Lockheed Martin, subjected her to race and age-based discrimination and retaliation. On September 30, 2020, the EEOC closed the plaintiff's case, and issued a right to sue letter. (*Id.* at 29.)[1]

---

[1] The right to sue letter stated: "The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge." (*Id.*)

On December 29, 2020, the plaintiff sued all three defendants in this Court, alleging that they subjected her to discrimination and retaliation in violation of Title VII and the ADEA. (ECF No. 1.)  On April 25, 2022, the individual defendants filed a motion to dismiss for failure to state a claim.  (ECF No. 43.)  The plaintiff opposed that motion on May 25, 2022.  (ECF No. 48.)  On January 5, 2023, I directed the parties to file supplemental briefing addressing whether the plaintiff's Title VII and ADEA claims could properly stand against the individual defendants. On January 27, 2023, the defendants (ECF No. 55) and the plaintiff (ECF No. 56) filed their supplemental briefing.

The plaintiff has started multiple litigations in this Court based on the same set of underlying facts.  *See Cyrus v. Lockheed Martin Corporation et al.*, No. 22-CV-4115 (E.D.N.Y. July 14, 2022) ("*Cyrus II*"); *Cyrus v. TRC Companies et al.*, No. 22-CV-05955 (E.D.N.Y. Oct. 3, 2022) ("*Cyrus III*").  In *Cyrus II*, the plaintiff brings claims against all of the defendants she sued in this case, Lockheed Martin, John Franceshina and Brian Loughlin, as well as a plethora of other individual defendants; in *Cyrus III*, the plaintiff brings claims against John Franceschina, as well as other defendants.

On February 13, 2023, the plaintiff filed a letter addressed to Judge Merkl requesting consolidation of her cases and leave to amend her complaint.  (ECF No. 59.)

## LEGAL STANDARD

To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although

"detailed factual allegations" are not required, a complaint that includes only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint fails to state a claim "if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks, alterations and citations omitted).

Because the plaintiff is proceeding *pro se*, I construe her complaint liberally, and evaluate it by "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). The plaintiff's claims must be "read to raise the strongest arguments that they suggest." *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015) (internal quotation marks and citations omitted).

## DISCUSSION

**I.      The Motion to Dismiss**

The plaintiff cannot bring claims against the individual defendants under Title VII or the ADEA because neither statute provides for any individual liability. *See Cayemittes v. City of N.Y. Dep't of Hous. Pres. & Dev.*, 641 F. App'x 60, 61-62 (2d Cir. 2016) (summary order) ("Title VII does not provide for individual liability" (citations omitted)); *Cherry v. Toussaint*, 50 F. App'x 476, 477 (2d Cir. 2002) (summary order) ("the ADEA precludes individual liability" (citations omitted)); *McMahon v. Napolitano*, No. 13-CV-1404, 2013 WL 1410382, at *1 (E.D.N.Y. Apr. 8, 2013) (neither Title VII nor the ADEA provides for individual liability). Therefore, the plaintiff cannot proceed under Title VII or the ADEA against the individual defendants.

3

The plaintiff "accepts that the Court is bound by the doctrine of stare decisis as it pertains to interpretation of personal liability . . . as it currently stands in the Second Circuit regarding individual liability under TITLE VII and the ADEA." (ECF No. 56 at 4.) Nevertheless, she argues that "while TITLE VII and the ADEA does not allow individual liability, the NYSHRL allows for both Individual Defendants to be held personally liable for discrimination in the workplace." (*Id.*) The plaintiff, however, did not bring a claim under the NYSHRL against the defendants in this case. Accordingly, the only claims that the plaintiff brings in this case, for violations of Title VII and the ADEA, are dismissed as to the individual defendants.

## II.     Consolidation

In her supplemental briefing, and in a letter to Judge Merkl, the plaintiff also requests that the Court consolidate her three cases. (ECF No. 56 at 5 ("Oliver Cyrus respectfully requests that the court consolidate Cyrus I; Cyrus II; and Cyrus II[I]."); ECF No. 59 at 1.) A court may consolidate cases pursuant to Federal Rule of Civil Procedure 42(a) where they "involve a common question of law or fact." A court has "broad discretion to consolidate actions under Rule 42(a)." *Stone v. Agnico-Eagle Mines Ltd.*, 280 F.R.D. 142, 143 (S.D.N.Y. 2012) (citing *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999)). "Consolidation is warranted where it promotes judicial economy and serves to eliminate . . . the danger of inconsistent verdicts." *KGK Jewelry LLC v. ESDNetwork*, Nos. 11-CV-9236, 12-CV-9130, 2014 WL 7333291, at *2 (S.D.N.Y. Dec. 24, 2014) (internal quotation marks omitted); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990) (considerations of judicial economy weigh in favor of consolidation).

The plaintiff has filed three different complaints, alleging that the defendants discriminated against her when she worked for a division of Lockheed Martin that was

subsequently acquired by TRC Companies, Inc.  (*See Cyrus II*, ECF No. 12 at 2.)  Consolidation is appropriate under Fed. R. Civ. P. 42(a) because the cases share common factual and legal questions.  *See Cullinan v. Cemtrex, Inc.*, 287 F. Supp. 3d 277, 283 (E.D.N.Y. 2018).   Thus, the Court finds that consolidation serves the interest of judicial economy.  Accordingly, the Clerk of Court is respectfully directed to consolidate this case, *Cyrus v. Lockheed Martin Corporation et al.*, No. 20-CV-6397 and *Cyrus III* (*Cyrus v. TRC Companies et al.*, No. 22-CV-05955) into *Cyrus II* (*Cyrus v. Lockheed Martin Corporation et al.*, No. 22-CV-4115).  The Clerk of Court is also respectfully directed to close this case, (20-CV-6397) and *Cyrus III* (22-CV-05955), and to enter all future docket entries under 22-CV-4115.

## CONCLUSION

For the forgoing reasons, the defendants' motion to dismiss is granted.  The plaintiff's motion to consolidate and amend is granted.  The plaintiff is granted leave to file one amended complaint in the consolidated action under case number 22-CV-4115, no later than 45 days after the date of this order.  The consolidated amended complaint should include every claim the plaintiff believes she can state against every defendant.

The plaintiff is advised that an amended complaint will completely replace the prior complaints in these actions, and "renders [any prior complaints] of no legal effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994).  Therefore, the amended complaint must include all allegations against the defendants the plaintiff wishes to sue.  The amended complaint will be the only complaint that the defendants must answer in the consolidated action.

**SO ORDERED.**

                                                                        _____

                                                                        ANN M. DONNELLY
                                                                        United States District Judge

Dated:  Brooklyn, New York
           February 16, 2023